UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK KENNEDY, | ) | CASE NO. 5:16-cv-1960 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| SPRINGFIELD TWP., OHIO, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter comes before the Court on the motion of plaintiff Fredrick Kennedy ("plaintiff" or "Kennedy") to voluntarily dismiss the action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. No. 26 ["Mot."].) Defendants, Summit County, Ohio and Jimmy Fields, Jr. (collectively "Summit County defendants"), have responded (Doc. No. 27 ["Resp."]), and plaintiff has filed a reply. (Doc. No. 28 ["Reply"].) For all of the foregoing reasons, the motion to voluntarily dismiss is granted.

I.  **BACKGROUND**

On August 4, 2016, plaintiff filed the present action alleging that various public entities and their employees violated his constitutional rights during the course of a traffic incident that resulted in plaintiff's arrest. (Doc. No. 1 (Complaint).) On October 25, 2016, after defendants had filed their answers to the complaint, the Court conducted a telephonic case management conference at which time the Court was advised that the parties were interested in engaging in a mediation session after some initial discovery was conducted. By agreement of the parties, the

Court scheduled this matter for mediation before retired Magistrate Judge David Perelman to take place on or before March 31, 2017. (Doc. No. 23; Minutes, dated Oct. 25, 2016.)

On January 24, 2017, the Court conducted a telephonic status conference during which plaintiff's counsel advised that there had been some discovery delays due, in part to personal issues involving plaintiff. All counsel agreed that, as a result of the incomplete status of discovery, there was reason to believe that the scheduled mediation session would not prove fruitful. Plaintiff's counsel further indicated that plaintiff may seek leave to dismiss the action without prejudice. The Court instructed counsel to meet and confer to determine whether all parties would stipulate to a dismissal of this action without prejudice. (Minutes, dated Jan. 24, 2017.) On January 27, 2017, counsel advised the Court that all parties did not agree to a stipulated dismissal without prejudice. (Minutes, dated Jan. 27, 2017.) The present motion to voluntarily dismiss this action followed.

## II.   LAW AND DISCUSSION

Plaintiff now moves the Court for an order voluntarily dismissing this action without prejudice "for the reasons enumerated to the Court and opposing counsel during the January 24, 2017 status conference." (Mot. at 156.) The Court presumes that plaintiff refers to his counsel's prior reference to the "personal issues" plaintiff was addressing and because of which discovery has been delayed. Summit County defendants do not oppose the motion, but, rather, merely responded in order to "plainly preserve rights to costs should the motion be granted." (Resp. at 159.) Specifically, defendants represent that, by agreeing to this dismissal, they "do not forfeit rights under Fed. R. Civ. P. 41(d) to ask for costs should the Court grant" the motion and "this matter is later re-filed." (*Id*. at 159-60.) Defendants further request that plaintiff "be ordered to be

responsible for any court fees outstanding in this present action." (*Id*. at 160.)

Rule 41(a)(2) provides a plaintiff with a means by which to voluntarily dismiss his own case. Notwithstanding a few caveats not at issue here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed R. Civ. P. 41(a)(2). "Unless the [court's] order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." *Id.* The requirement of court approval exists primarily to protect the non-movant from unfair treatment. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc*., 583 F.3d 948, 953 (6th Cir. 2009) (citing *Grover v. Eli Lilly & Co*., 33 F.3d 716, 718 (6th Cir. 1994)). Thus, while the decision to dismiss under this rule is discretionary, a district court abuses that discretion when a dismissal without prejudice would cause the defendant to suffer "plain legal prejudice." *Grover*, 33 F.3d at 718 (citations omitted).

"The mere prospect of having to face a second lawsuit" is not the type of prejudice that Rule 41(a)(2) contemplates. *Jones v. W. Reserve Transit Auth*., 455 F. App'x 640, 643 (6th Cir. 2012) (citation omitted). Instead, the Court considers several factors in deciding whether a defendant will suffer "plain legal prejudice" from a dismissal without prejudice: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay or lack of diligence by the plaintiff in prosecuting the action; (3) insufficiencies in the plaintiffs' explanation of the need for a dismissal; and (4) whether a motion for summary judgment is pending. *Bridgeport Music*, 583 F.3d at 953 (citing *Grover*, 33 F.3d at 718) (quotation marks omitted). These factors are not an "exclusive or mandatory list," and district courts need not analyze each factor or limit its consideration to those factors alone." *Rosenthal v. Bridgestone/Firestone, Inc*., 217 F. App'x 498, 502 (6th Cir. 2007) (citation and further quotation marks omitted).

Given the fact that no defendant opposes the dismissal without prejudice and, after consideration of the relevant factors set forth above, the Court finds that dismissal of this action without prejudice and with defendants retaining the right to seek costs under Rule 41(d) should the action be re-filed is proper. In reaching this conclusion, the Court notes that the case is in its infancy and no party has begun to incur costs preparing for trial or preparing summary judgment motions. Moreover, while plaintiff has not elaborated fully on the personal issues that have hindered his prosecution of this case, the Court finds that plaintiff's counsel has sufficiently explained his client's need for dismissal at this time. Further, because there are no "court fees outstanding in this present action," Summit County defendants' request for an order requiring plaintiff to pay such fees is denied as moot.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's motion to voluntarily dismiss this action without prejudice is granted. The Clerk is instructed to close this case.

**IT IS SO ORDERED**.

Dated: March 27, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**